RAYMOND ADAMS V STATE.

No. 24232. January 5, 1949.
Motion for Rehearing Denied (Without Written
Opinion) February 16, 1949.

*W. E. Martin, Abilene,* for appellant.

50

*Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the penitentiary for a term of 12 years.

The indictment in this case charged appellant with the primary offense of burglary and in addition thereto charged two prior convictions for felonies less than capital.

Appellant's chief contention is that the evidence is insufficient to justify and sustain his conviction.

The record reflects that on Saturday night, February 29, 1948, some one broke into the Hanks Brothers' store located in the town of Paducah. A large safe was moved to the rear of the store where the knob was knocked off, and the doors and spindles broken loose and left lying near the safe. Some time later during the same night, appellant, Gholson Lester, and an unidentified companion riding in a Ford automobile had a collision with another automobile in the town of Anson. As a result of the collision their Ford automobile was damaged to the extent that it could not be driven away. Walter L. Pelton, a resident of Anson, heard the collision and ran to the scene of the wreck immediately. He saw Gholson Lester sitting under the steering wheel of the Ford car; Raymond Adams sitting beside him on the front seat; and a third party, whom he could not identify, on the rear seat. He further said that while he was at or near the car occupied by the three parties he heard something thrown from the car, but he did not know what it was. The three men got out of the car and Lester and the unidentified party left immediately while appellant remained at the automobile. Soon thereafter a highway patrolman, who had been summoned, appeared on the scene and made an investigation of the collision. As a result of his investigation, he found a paper bag which contained a number of dimes, nickels, and pennies some ten feet from the car. He also found some tools such as a punch and a cold chisel. The bag containing the coins was of the same size and kind as one in which Buster Hanks had placed his small change at the time he closed his place of business on the evening of the night in question. Mr. Hanks identified two of the nickels, which were scratched, as being the ones they had used on the afternoon preceding the night of the burglary in pitching at a line. He also identified a penny as one he had placed in the bag by a piece of blue paper which was stuck to it almost in the center thereof. Buster Hanks identified the three coins as

having been taken from his store on the night in question. R. H. Taylor, a firearms examiner for the Texas Department of Public Safety, testified that he made photographs of the spindle and punch; that he magnified the photographs fourteen times and compared the characteristics and they corresponded. The punch is of a very uncommon type and from the characteristics, he would say that the punch found near appellant's car on the night in question is the punch that made the impression on the spindles of the safe. W. A. McDonald testified that he saw Gholson Lester in the town of Paducah about 4 P. M., February 29, 1948, a few hours prior to the time the burglary was committed.

Appellant did not testify or offer any affirmative defense, however, it appears from the testimony of the state highway patrolman that appellant said they had picked up a hitch hiker whose name he did not know and who occupied the rear seat of the car at the time of the collision, and that the hitch hiker and Lester disappeared from the scene of the collision before the highway patrolman arrived. It is true that this case depends entirely upon circumstantial evidence which, in our opinion, is of sufficient probative force to sustain the jury's conclusion of appellant's guilt.

By Bill of Exception No. 1 he complains of the action of the trial court in overruling his motion for a new trial based on newly discovered evidence. He alleged in his motion that since the trial and his conviction, one of his attorneys received an unsigned letter in which the writer stated in the following language:

"YOU GO TO 8 MI SIGN WICHITA FALLS TO KEMP HOTEL ON IOWA PARK RD DOWN LANE SOUTH TO CREK BRIDGE AND FIND EVIDENSE ABOUT THAT PADUKA BURGLAR CASE."

His lawyer did go to Wichita Falls and, in company with the sheriff, went to the place indicated in the unsigned letter and there they found a large sledge hammer such as may have been used in battering the safe doors open. There is no connection shown between the sledge hammer and the burglary. The statement in the unsigned letter that it was used in the Paducah burglary would be hearsay and not admissible in evidence. Therefore, the court was justified in overruling the motion.

No reversible error appearing from the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.